# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **DAVID GRANADO, INDIVIDUALLY AND AS NEXT FRIEND OF S. G., A MINOR CHILD,** | § § § § | |
| *Plaintiff,* | § § § | |
| **v.** | § § | **No.  3:25-CV-00504-LS** |
| **EL PASO INDEPENDANT SCHOOL DISTRICT, ANDRESS HIGH SCHOOL, EUGENE COSTELLO, COACH, EBBERNOEL RUVALCAVA, AND DOES 1 THROUGH 5, INCLUSIVE,** | § § § § § § § § | |
| *Defendants.* | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff David Granado, individually and as next friend of S. G., a minor, sued Defendants for violations of Title VI of the Civil Rights Act and the Equal Protection Clause, negligence, intentional infliction of emotional distress, and retaliation.[1] Defendants El Paso Independent School District ("EPISD"), Andress High School, and Coach Eugene Costello filed a motion to dismiss.[2] Plaintiff never responded. For the following reasons, the Court grants the motion.

## I.    LEGAL STANDARD.

### A.    Fed. R. Civ. P. 12(b)(1)

"The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss."[3] A court may base its determination about subject-matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or

---

[1] ECF No. 1.
[2] ECF No. 13.
[3] *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[4] The motion "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."[5] A Rule 12(b)(1) motion should be decided before other contemporaneously filed Rule 12 dismissal motions.[6]

### B.    Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] A complaint may include legal conclusions, but such conclusions must be supported by factual allegations.[9] To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[10] The court takes as true the complaint's factual allegations and construes them in the light most favorable to the nonmoving party.[11] "'Naked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[12] Finally, "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'"[13]

---

[4] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[5] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[6] *Ramming*, 281 F.3d at 161.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Id.*

[9] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

[10] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

[11] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[12] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).

[13] *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted).

## II.    ANALYSIS.

### A.    *Andress High School*

Defendants argue that Andress High School "is not a separate legal entity capable of being sued."[14] "Capacity to sue or be sued is determined . . . by the law of the state where the court is located" for entities that are not individuals or corporations.[15] An independent school district in Texas has the power to sue and be sued.[16] And the Texas Tort Claims Act applies to "governmental units," which includes school districts.[17] However, Texas law does not afford individual schools within the school district the capacity to be sued. Accordingly, the Court dismisses Andress High School from this lawsuit.[18]

### B.    *EPISD*

Plaintiff names EPISD as a defendant but does not assert any cause of action against it. If Plaintiff intended to assert the Andress High School claims against EPISD as well, they are dismissed.

Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[19] A private right of action under Title VI requires "intentional discrimination by the defendants."[20] This requires "direct involvement by the school district."[21] If the school district does not have a

---

[14] ECF No. 13 at 1.
[15] Fed. R. Civ. P. 17(b)(3).
[16] Tex. Educ. Code § 11.151(a).
[17] Tex. Civ. Prac. & Rem. Code §§ 101.001(3)(B), 101.021.
[18] *See, e.g.*, *Rico ex rel. S.R. v. El Paso Indep. Sch. Dist.*, No. EP-17-CV-00183-KC, 2018 WL 11347015, at *3 (W.D. Tex. Feb. 6, 2018) (dismissing an elementary school as a defendant on the basis that EPISD was the correct defendant).
[19] 42 U.S.C. § 2000d.
[20] *Marvin H. v. Aus. Indep. Sch. Dist.*, 714 F.2d 1348, 1357 (5th Cir. 1983).
[21] *Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 400 (5th Cir. 1996).

discriminatory policy, then a plaintiff "must plausibly allege that an 'appropriate person' in the district—*i.e.*, someone who could take corrective measures—had 'actual knowledge' of intentional discrimination yet responded with 'deliberate indifference.'"[22] Taking Plaintiff's factual allegations as true, Plaintiff has at most shown that some coaches of the basketball team were aware of the alleged discrimination, but no one at EPISD who could take corrective measures knew of, participated in, or overlooked the discrimination. Plaintiff's Title VI claim against EPISD fails.

To state a claim against a school district under 42 U.S.C. § 1983, a plaintiff must show "(1) that a constitutional violation occurred and (2) that an 'official policy' attributable to the school district's policymakers (3) 'was the moving force' behind it."[23] An official policy is either an official "policy statement[], ordinance[] or regulation[]" or "a persistent widespread practice of . . . officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy."[24] Plaintiff has not alleged that there was an official policy promulgated by a policymaker or that there was a persistent, widespread practice of treating students of different races differently.[25]

---

[22] *Bhombal v. Irving Indep. Sch. Dist.*, 809 F. App'x 233, 237 (5th Cir. 2020) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)).

[23] *Littell v. Hou. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018).

[24] *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).

[25] *See id.* at 581 ("A customary municipal policy cannot ordinarily be inferred from single constitutional violations.").

Under the Texas Tort Claims Act, school districts are immune from suit except for tort claims involving the use or operation of motor vehicles.[26] As Plaintiff's tort claims do not involve a motor vehicle, EPISD has not waived its immunity and Plaintiff's tort claims against it are barred.

### C.    Coach Costello

"[O]nly public and private entities can be held liable under Title VI."[27] Therefore, the Title VI claim against Costello will be dismissed.

"If a suit is filed under [the Texas Tort Claims Act] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."[28] As discussed above, a school district is a governmental unit. An employee is "a person, including an officer or agent, who is in the paid service of a governmental unit."[29] EPISD asserts that Costello is its employee and seeks the dismissal of the tort claims against him.[30] As Plaintiff sues both EPISD and Costello, his tort claims against Costello are dismissed.

Defendants assert qualified immunity with respect to Plaintiff's § 1983 claim against Costello.[31] "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[32] "This immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"[33] To determine whether

---

[26] Tex. Civ. Prac. & Rem. Code § 101.051; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008).
[27] *Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009).
[28] Tex. Civ. Prac. & Rem. Code § 101.106(e).
[29] *Id.* § 101.001(2).
[30] ECF No. 13 at 10.
[31] ECF No. 13 at 6–8.
[32] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
[33] *Anderson v. Valdez*, 845 F.3d 580, 599 (5th Cir. 2016) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)).

qualified immunity applies, a court must "decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right" and also "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct."[34] The court may determine which question to address first.[35]

"To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'"[36] Plaintiff asserts that Costello violated the Equal Protection Clause of the Constitution by discriminating against S. G. because of his race.[37] Plaintiff alleges that Costello promoted other students to the varsity team who, unlike S. G., had not attended summer practice even though summer practice "was a key factor in varsity selection."[38] He also allegedly communicated practice times to other players, but not S. G., and offered them private coaching sessions and transportation.[39] He allegedly caused S. G. to miss an hour of tryouts by having him do wall sits during that time period.[40] Plaintiff also alleges that Costello failed to provide S. G. with a team uniform, so he missed tryouts for the All-American National Team.[41] Costello told S. G. that he was "not there mentally" and "wasn't worth minutes on the varsity bench" and did not promote S. G. to the varsity team.[42] Another player told S. G. that Costello favored "his own" players.[43] And

---

[34] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).
[35] *Id.* at 236.
[36] *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)).
[37] ECF No. 1 at 9.
[38] *Id.* at 4.
[39] *Id.* at 5.
[40] *Id.*
[41] *Id.* at 5–6.
[42] *Id.* at 6.
[43] *Id.*

when Plaintiff asked another coach, Coach Gulley, why S. G. was being excluded from opportunities, "Coach Gulley gestured to the inside of his wrist, brushed his skin, and said Seth 'was the wrong color of skin.'"[44]

These general allegations do not overcome Costello's assertion of qualified immunity, and the fact that Costello could have made the reasonable decision that other players were more qualified for the varsity team. The only concrete allegation about racial discrimination relates to another coach's opinion, not anything that Costello said. Plaintiff alleges that other students were treated more favorably but does explain with any particularity any racial component to such treatment.[45] All claims against Costello are dismissed.

### D.    Leave to Amend

As leave to amend a complaint should be freely given,[46] the Court grants Plaintiff until July 27, 2026, to file an amended complaint to address the foregoing deficiencies.

### E.    Coach Ebbernoel Ruvalcava

Plaintiff sued Ruvalcava but was unable to serve him.[47] Plaintiff filed his complaint on October 30, 2025,[48] and had ninety days to effect service.[49] If a plaintiff does not serve a defendant within that time period, the court must, after notice to the plaintiff, "dismiss the action without prejudice against that defendant or order that service be made within a specified time."[50] The Court

---

[44] *Id.* at 7.
[45] *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 213 (5th Cir. 2009) (granting qualified immunity to defendants where the plaintiffs failed to show that another club was similarly situated but received different treatment).
[46] Fed. R. Civ. P. 15(a)(2).
[47] ECF No. 10.
[48] ECF No. 1.
[49] Fed. R. Civ. P. 4(m).
[50] *Id.*

notifies Plaintiff that it intends to dismiss all claims against Ruvalcava without prejudice unless Plaintiff shows good cause for why he has not served Ruvalcava within the time period.

## III.   CONCLUSION.

For the foregoing reasons, the Court grants Defendants' motion to dismiss [ECF No. 13]. Plaintiff has until **July 27, 2026**, to file an amended complaint.

The Court also gives Plaintiff 14 days to show cause for why his claims against Ebbernoel Ruvalcava should not be dismissed. Otherwise, Plaintiff's claims will be dismissed under Fed. R. Civ. P. 4(m) without further notice.

**SO ORDERED**.

**SIGNED** and **ENTERED** on July 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**