UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **DAVID GRANADO, INDIVIDUALLY AND AS NEXT FRIEND OF S. G., A MINOR CHILD,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**EL PASO INDEPENDANT SCHOOL DISTRICT; ANDRESS HIGH SCHOOL; EUGENE COSTELLO, COACH; EBBERNOEL RUVALCAVA; AND DOES 1 THROUGH 5, INCLUSIVE,**<br><br>***Defendants*.** | § | **No. 3:25-CV-00504-LS** |

**ORDER DENYING EXTENSION OF TIME FOR SERVICE**

Plaintiff David Granado, individually and as next friend of S.G., a minor, sued Defendants for violations of Title VI of the Civil Rights Act and the Equal Protection Clause, negligence, intentional infliction of emotional distress, and retaliation on October 30, 2025.[1] On November 20, 2025, Plaintiff filed a return of service reflecting that he was not able to serve Defendant Ebbernoel Ruvalcava, who had left his employment.[2] On July 6, 2026, the Court granted Defendants' motion to dismiss and ordered Plaintiff to show cause as to why he had not served Mr. Ruvalcava within the ninety-day period set out by the Federal Rules of Civil Procedure within fourteen days of the date of the order.[3] Plaintiff explains that further investigation is required to find Mr. Ruvalcava's current address and seeks a ninety-day extension to serve him.[4]

---

[1] ECF No. 1.
[2] ECF No. 10.
[3] Fed. R. Civ. P. 4(m); ECF No. 14 at 8.
[4] ECF No. 16.

Plaintiff's response to the order to show cause was filed on July 23, 2026, more than fourteen days after the Court's order. The Court stated in its order that a failure to show cause within the fourteen-day period would lead to Plaintiff's claims against Mr. Ruvalcava being dismissed "without further notice."[5] Even if Plaintiff's response had been timely, Plaintiff has not explained why he waited until the Court's order, nearly nine months after filing his complaint, to seek an extension of time to serve Mr. Ruvalcava. Good cause for failure to timely serve a defendant "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[6] The Court concludes that Plaintiff has not shown good cause, at this late point, for his failure to serve Mr. Ruvalcava.

For the foregoing reasons, the Court denies Plaintiff's motion to show cause on non-service of Ebbernoel Ruvalcava [ECF No. 16]. Defendant Ebbernoel Ruvalcava is hereby dismissed from this suit.

**SO ORDERED**.

**SIGNED** and **ENTERED** on July 31, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[5] ECF No. 14 at 8.

[6] *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).