IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

DAVID GRANADO, Individually and as Next Friend of Seth Granado, a Minor,

Plaintiffs,

v. 3:25-CV-00504-LS

EL PASO INDEPENDENT SCHOOL DISTRICT, COACH EUGENE COSTELLO, COACH EBBERNOEL RUVALCAVA, ANDRESS HIGH SCHOOL, and JOHN DOES 1-5,

Defendants.

**DEFENDANTS EL PASO INDEPENDENT SCHOOL DISTRICT AND COACH EUGENE COSTELLO'S (AMENDED/CORRECTED)[1] REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) PLAINTIFFS' AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATED DISTRICT JUDGE:

COMES NOW Defendant El Paso Independent School District ("EPISD") and Coach Eugene Costello ("Costello) (collectively, "Defendants"), and respectfully file this (Corrected/Amended) Reply to Plaintiffs' Response (ECF No. 22) to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 21).

## I.
## INTRODUCTION

1. Plaintiffs' Response does not cure the Amended Complaint's deficiencies (and the Amended Complaint did not cure the Original Complaint [ECF No. 1]). Instead, it relies on

[1] Defendants' substantive arguments remain the same. Defendants file this Corrected/Amended Reply to correct typographical errors in the citations for *Mohamed v. Irving Indep. Sch. Dist.*, 252 F.Supp.3d 857 (N. D. Tex. March 13, 2018), *affirmed*, 758 Fed. Appx.352 (5th Cir. 2019), cited in Paragraph No. 7, and the subsequent history in *Morgan v. Swanson*, cited in Paragraph 14.

conclusory characterizations, asks the Court to infer racial discrimination from complaints concerning coaching conduct, and attempts to recast an undefined "retaliation" count as a First Amendment claim.

2. The Response confirms that Plaintiffs' Title VI theory rests on complaints concerning Coach Costello and Ruvalcava, an internal report, and EPISD's alleged failure to take sufficient corrective action. However, allegations that officials received complaints are not allegations that an official with corrective authority actually knew of intentional race discrimination and responded with deliberate indifference. The Response itself identifies findings concerning profanity, negative treatment, physical contact, and other coaching conduct –not findings of racial discrimination.

3. The Section 1983 claims fail for similar reasons. Plaintiffs do not identify an EPISD policy adopted by its Board of Trustees that caused a constitutional violation, nor do they allege facts showing that the Board approved a persistent practice of intentional racial discrimination. As to Costello, Plaintiffs invoke the general right to be free from racial discrimination but do not identify controlling authority placing the constitutionality of the specific coaching decisions alleged here beyond debate. Finally, Plaintiffs do not meaningfully answer Defendants' immunity arguments concerning the state-law claims or Defendants' challenges to the requested damages. As such, the Court should dismiss the remaining claims with prejudice.

## II.
## LEGAL STANDARD

4. A motion to dismiss under Rule 12(b)(6) is appropriate when a plaintiff fails to state a claim upon which relief can be granted, and can only survive if the complaint contains sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). However, plaintiffs must "do more than recite the formulaic elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The "factual

allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Rico v. El Paso Indep. Sch. Dist.*, No. EP-17-CV-00183-KC, 2018 U.S. Dist. LEXIS 245249, at *4 (W.D. Tex. 2018). The Court views a plaintiff's well-pleaded facts as true and views them in plaintiff's favor, but does not accept conclusory allegations, unwarranted inferences, or legal conclusions. *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022). The Court must limit "itself to the contents of the pleadings, including attachments thereto." *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Accordingly, assertions appearing only in Plaintiffs' Response cannot supply factual allegations omitted from the Amended Complaint.

## III.
## ARUGMENT

### A. Plaintiffs Do Not Plausibly Allege Title VI Liability Against EPISD.

5. Plaintiffs' Title VI claim requires intentional discrimination. *Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (1996). When the claim does not rest on an official discriminatory policy, damages are unavailable unless an official authorized to institute corrective measures had actual knowledge of the discrimination and responded with deliberate indifference. *Mohamed v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 627 (5th Cir. 2017). Deliberate indifference is a high bar; negligence or mere unreasonableness is not enough. *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 356 (5th Cir. 2020).

6. Plaintiffs' Response does not satisfy those requirements. It alleges that Athletic Director Cervantes received or participated in a report addressing complaints from approximately 26 families and that EPISD failed to take what Plaintiffs consider meaningful corrective action. However, the Response does not identify facts showing that those complaints established intentional discrimination based on race or color. Instead, the findings recited in the Response concern profanity, yelling, physical contact with players, negative treatment, and inappropriate

coaching conduct. Those matters do not, without additional facts, plausibly establish that EPISD had actual knowledge of intentional racial discrimination.

7. The distinction is dispositive. Reporting a plaintiff's subjective belief that discrimination occurred is not the same as providing actual notice of intentional discrimination. The Amended Complaint must contain facts supporting a reasonable inference of discriminatory treatment based on race, not simply dissatisfaction with a school official's conduct or conclusions labeling that conduct discriminatory. *Mohamed*, 252 F. Supp. 3d at 627. Likewise, generalized data or reports untethered to the specific alleged discrimination do not establish that a district had actual knowledge of intentional discrimination or acted with deliberate indifference to it. M*ohamed v. Irving Indep. Sch. Dist.*, 252 F.Supp.3d 857, 896 (N. D. Tex. March 13, 2018), *affirmed*, 758 Fed. Appx.352 (5th Cir. 2019).

8. Plaintiffs also argue that the number of complaints alone supports an inference of deliberate indifference. But quantity does not substitute for content. The Response does not establish that the alleged complaints involved substantially similar acts of race discrimination, that an appropriate EPISD official understood them as complaints of intentional racial discrimination, or that EPISD consciously declined to respond to known discrimination. Indeed, the Response alleges that EPISD investigated the coaching complaints, substantiated certain allegations against Ruvalcava, and imposed a public reprimand, probation, suspension, and required training. Those allegations undermine Plaintiffs' assertion that EPISD simply ignored the reported conduct.

9. Therefore, Plaintiffs allege, at most, disagreement with the scope and outcome of EPISD's response, which is insufficient because neither negligence nor an allegedly unreasonable response meets the deliberate-indifference standard. *See Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 356 (5th Cir. 2020). The Title VI claim against EPISD should be dismissed.

**B. <u>The Section 1983 Claim Against EPISD Still Does Not Identify an Actionable District Policy or Custom.</u>**

10. Defendants' Motion (ECF No. 21) explained that EPISD cannot be held liable merely because a District employee allegedly committed a constitutional violation. It further explained that Plaintiffs must connect the claimed injury to an official policy or persistent custom attributable to EPISD's final policymaker, its Board of Trustees. Plaintiffs' Response does not identify a discriminatory policy adopted by the Board. Instead, it relies on 26 alleged complaints, an investigative report, actions by athletic personnel, and the Board's alleged failure to act after a December 19, 2023 meeting. These allegations do not bridge the gap identified in the Motion.

11. First, the Response describes the complaints as involving "discriminatory treatment," but it supplies no facts demonstrating that the complaints involved sufficiently similar instances of intentional race discrimination. Its detailed account of the investigative findings identifies inappropriate profanity, negative treatment, physical contact, yelling, and related coaching conduct—not findings that either coach intentionally discriminated based on race. Repeating the label "discriminatory" does not transform factually different coaching complaints into a persistent race-based practice. Second, Plaintiffs' allegation that Cervantes possessed authority to receive complaints or recommend corrective measures does not establish that he possessed final policymaking authority. Authority to investigate, administer, or implement policy is not the allegation Defendants' Motion identified as necessary to attribute a policy to EPISD's Board. Third, Plaintiffs' allegation that the Board "took no action" at one meeting does not plausibly allege that the Board adopted, approved, or ratified intentional race discrimination. The Motion specifically identified this deficiency: the Amended Complaint recounts a meeting at which Plaintiffs presented their complaint but does not allege that the challenged coaching decisions resulted from a policy or custom approved by the Board.

12. Plaintiffs cannot avoid that deficiency by requesting discovery into whether a policy or custom might exist. The pleading must itself contain factual allegations raising the claimed entitlement to relief above speculation. *King*, 46 F.4th at 356. Because the Amended Complaint does not plausibly connect the alleged conduct to an EPISD policy or Board-approved custom, the Section 1983 claim against EPISD should be dismissed.

**C. <u>The Equal Protection Claim Against Defendant Costello Fails to Plead Intentional Discrimination and Does Not Overcome Qualified Immunity.</u>**

13. An equal-protection claim based on race requires intentional discrimination by the governmental official. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (1997). Plaintiffs' allegations concerning Defendant Costello do not satisfy that requirement merely because the Response attaches racial labels to coaching decisions. The Response identifies transportation, team communications, practice information, participation opportunities, and team removal as the allegedly unequal treatment. However, it does not identify facts showing that Defendant Costello made those decisions because of Minor Plaintiff's race or color. It also does not plead nonconclusory facts demonstrating that the students who allegedly received different treatment were similarly situated to Minor Plaintiff in the respects relevant to the challenged coaching decisions. The Court need not accept conclusory allegations or unwarranted inferences of discriminatory intent. *King*, 46 F.4th at 356.

14. The Response also fails to overcome qualified immunity. Clearly established law must define the asserted right with a high degree of particularity, and controlling authority—or a robust consensus of persuasive authority—must place the unlawfulness of the official's specific conduct beyond debate. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011), *cert. denied* 567 U.S. 905 (2012). A court therefore cannot define the right only at a broad level of generality.

15. Plaintiffs rely on the general proposition that intentional racial discrimination in public education is unconstitutional. However, this framing does not address the specific conduct challenged here: a coach's decisions concerning transportation, group communications, practice attendance, playing opportunities, and team participation. Plaintiffs identify no controlling authority holding that materially similar coaching decisions, under materially similar circumstances, violated a student's clearly established constitutional rights. This omission matters because qualified immunity turns on whether existing law clearly and unambiguously prohibited the defendant's particular conduct, such that every reasonable official would have understood the conduct to be unlawful. *Morgan*, 659 F.3d at 371. Plaintiffs' reliance on broad equal-protection principles does not meet that particularized showing. Thus, Defendant Costello is entitled to qualified immunity, and such claims should be dismissed.

**D. <u>Plaintiffs Cannot Convert Their Undefined Retaliation Claim into a New First Amendment Claim Through Their Response.</u>**

16. Defendants moved to dismiss Count V of the Amended Complaint because it asserted "retaliation" without identifying a statutory or constitutional basis and because any purported state-law retaliation claim was barred by immunity. The Response now purports to characterize Count V as a First Amendment retaliation claim based on complaints of race discrimination. It asserts that Defendant Costello knew of Plaintiffs' complaints and thereafter escalated adverse treatment, culminating in the Minor Plaintiff's removal from the team. These assertions do not cure the operative pleading.

17. A Rule 12(b)(6) analysis is confined to the pleadings and their attachments. *King*, 46 F.4th at 356. The Court should therefore assess Count V as pleaded, not as attempted to be reformulated in the Response. The Response itself acknowledges that Section 1983 does not independently create a substantive right and requires an underlying constitutional violation. Yet the Amended

Complaint, as described in both the Motion and Response, does not clearly plead a First Amendment cause of action or facts establishing that Defendant Costello removed Minor Plaintiff from the team because of constitutionally protected speech. The alleged sequence of events does not itself supply the missing causal facts. Plaintiffs characterize the conduct as escalating after the family complained, but they do not identify a statement by Defendant Costello connecting any coaching decision to protected speech or otherwise plead facts distinguishing retaliation from the coaching and attendance reasons discussed elsewhere in their filings. Because Count V remains dependent on conclusory assertions of retaliatory motive, it should be dismissed.

**E. Plaintiffs Do Not Answer Defendants' Grounds for Dismissing the State-Law Claims.**

18. Defendants moved to dismiss the negligence, intentional infliction of emotional distress, and purported state-law retaliation claims against Defendant Costello because the claims arise from conduct within the scope of his employment and involve discretionary coaching judgments. Defendants also showed that the intentional infliction claim duplicates Plaintiffs' other theories and rests on the same alleged conduct.

19. As to EPISD, Defendants moved to dismiss the state-law claims because Plaintiffs failed to allege any facts bringing those claims within a waiver of governmental immunity. Plaintiffs' Response does not address these grounds. It does not identify an applicable waiver, explain why the challenged coaching decisions were outside Defendant Costello's employment, or defend intentional infliction of emotional distress as an independent theory. The state-law claims should be dismissed for the reasons stated in Defendants' Motion as to EPISD and Defendant Costello.

**F. Plaintiffs Do Not Address Their Requests for Unavailable Damages.**

20. Defendants moved to dismiss Plaintiffs' demands for emotional distress and mental anguish damages under Title VI and punitive damages against EPISD. Plaintiffs' Response does

not address those challenges. Accordingly, even if any substantive claim survives, the challenged categories of damages should be dismissed.

**G. Further Amendment Is Not Warranted.**

21. The Court previously dismissed Plaintiffs' original claims and allowed them until July 27, 2026, to amend and cure the identified deficiencies (ECF No. 14). Plaintiffs timely amended, but the Amended Complaint remained substantively unchanged as to the defects raised in Defendants' Motion to Dismiss Plaintiffs' Original Complaint (ECF No. 13) and added an undefined retaliation claim. Plaintiffs now request another opportunity to amend concerning the investigative report, similarity of the alleged complaints, identity of EPISD's final policymaker, and constitutional basis for Count V. That request confirms that the operative pleading does not presently contain the allegations. However, even if Plaintiffs were to be granted a second opportunity to amend, Plaintiffs do not identify additional facts they could plead that would establish actual knowledge of intentional race discrimination, adoption of a discriminatory policy by the Board, a Board-approved persistent custom, or Defendant Costello's violation of clearly established law. Therefore, amendment would be futile, and thus, the Court should deny further leave and dismiss the claims with prejudice.

## IV.
## CONCLUSION

22. For the foregoing reasons, Defendants El Paso Independent School District and Coach Eugene Costello respectfully reassert their request that this Court grant their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and for such other further relief to which Defendants may be entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN, P.C.**
P.O. Box 1977
El Paso, Texas 79999-1977
Telephone: (915) 532-2000
Facsimile: (915) 541-1526

By: ______________________
**Monica L. Perez**
State Bar No. 24083662
perez@mgmsg.com
**S. Anthony Safi**
State Bar No. 17516800
safi@mgmsg.com

Attorneys for Defendants El Paso Independent School District and Coach Eugene Costello

## CERTIFICATE OF SERVICE

I, Monica L. Perez, hereby certify that on the 8th day of September, 2026, in compliance with the Federal Rules of Civil Procedure, a true and correct copy of the foregoing document was served on the following:

Renee Walker
LLG National Law Group
3003 North Central Ave., Ste 685
Phoenix, Az 85012
(888) 826-6580
(915) 206-3511 (Fax)
Renee.walker@llgnational.com
*Attorney for Plaintiffs*

Served via:

____ Facsimile
____ Certified Mail, RRR
__X__ CM/ECF (E-Service)

______________________
**Monica L. Perez**